COMMONWEALTH *vs.* WILLIAM SNEE.

Essex. November 4. — 23, 1887. DEVENS & KNOWLTON, JJ., absent.

At the trial of a complaint for keeping intoxicating liquors with intent to sell the same unlawfully, a police officer testified for the government to facts tending to show that liquor was kept for sale, on the day alleged, in a certain saloon, and to the presence of the defendant there on that day, and also to acts of the defendant at different times before said day, tending to show that he was the keeper of the place. On cross-examination, the witness testified that he had seen A., the defendant's brother, about the saloon before said day, but not so frequently as he had seen the defendant; and that he had never seen any specific acts of A. about the saloon. The witness was then asked if he had not sworn to a complaint to search, charging A. as the owner of liquors at that place; and he admitted that he had, and identified a certified copy of a complaint shown to him as a true copy of a complaint against A., sworn to by the witness on the day named in the present complaint. The defendant offered said certified copy in evidence to contradict the witness; but the judge excluded it. *Held*, that it should have been admitted.

COMPLAINT alleging that the defendant, on July 17, 1887, at Haverhill, kept intoxicating liquors with intent to sell the same unlawfully in this Commonwealth. Trial in the Superior Court, before *Sherman*, J., who allowed a bill of exceptions, in substance as follows :

Austin C. Sprague, a police officer, testified for the government to facts tending to show that liquor was kept for sale on the day named in the complaint in a certain saloon, in Haverhill, and also as to the presence of the defendant in said saloon upon that day, while a search was being made therein for intoxicating liquors, and to certain acts of the defendant at different times before said day tending to show that the defendant was the keeper of the place, it appearing that Martin E. Snee, the defendant's brother, was not present on said day. On the cross-examination of Sprague, it appeared that he had seen Martin E. Snee about said saloon before said day, but not so frequently as he had seen the defendant ; and that he had never seen any specific acts on the part of Martin E. Snee about said saloon.

Sprague was also asked, on cross-examination, if he had not sworn to a complaint to search, charging said Martin E. Snee as the owner of liquors at that place, and he answered, without objection, in the affirmative.

Sprague was then shown a certified copy of a complaint to search, and identified the same as a true copy of the process which he had sworn to upon the said July 17, against Martin E. Snee.

The defendant introduced evidence tending to explain his presence as an innocent one, on said day; also the testimony of the owner of the building that Martin E. Snee was the tenant of said saloon at said time, and other testimony tending to control the testimony of Sprague as to acts of the defendant prior to said date. The defendant then offered in evidence said certified copy, as tending to contradict Sprague in his testimony, and for any purpose for which it might be competent. To this evidence the government objected, and the judge excluded it.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*B. F. Brickett & C. H. Poor*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

FIELD, J. The certified copy of the complaint offered in evidence by the defendant was competent to contradict the witness Sprague. The fact that, on cross-examination, the witness admitted that he had signed and sworn to such a complaint, and identified the copy as a true copy, rendered the contents of the complaint admissible, so far as they tended to contradict the witness, and the contents of the complaint were not offered in evidence during the cross-examination. The defendant, when putting in his defence, offered this copy in evidence. To what extent it tended to contradict the witness, and what weight it was entitled to, in view of the whole evidence and the contentions of the government, we do not know; it plainly had some tendency to contradict the witness, and its rejection may have prejudiced the defendant.                    *Exceptions sustained.*